Davis, J.
The defense that the defendant in error contributed to her injury by jumping off the car must have been rejected by the jury; and the jury must be presumed to have based its verdict for the defendant in error upon a finding that she was thrown from the car by the sudden stopping of the train and by the shock of the collision; for that was the only claim set forth in the petition and supported by any evidence adduced in her behalf. If such a finding discloses actionable negligence on the part of the plaintiff in error, the judgment below should be affirmed, otherwise it must be reversed.
It must be conceded that the proximate cause of the injury to the defendant in error was the sudden stopping of the car, whether the stop was caused by the act of the gripman, or by the collision, or by both together; but the plaintiff in error still is not liable if the sudden stopping, or the collision, was not in a legal sense by its fault. There is no evidence that the collision was occasioned by negligence of the plaintiff in error. The presumption which may be raised from the fact of the collision itself is negatived by the admitted circumstances. The bakery wagon was proceeding in the same direction as the train and suddenly turned across the track, going toward Dunham avenue. The driver of the wagon was watching the east-bound train and did not see the west-bound train. *48 He did not hear the ringing of the bells when the two trains passed each other just east of Dunham avenue. In this emergency which unexpectedly occurred without his fault, the gripman was bound not only by the duty which he owed to the driver of the wagon, but that which he owed to the passengers behind him, to avoid a collision if possible. With his utmost efforts he only partially succeeded. The horse and driver escaped injury and the wagon was slightly injured. In the effort to avert that which might have cost the life of the driver of the wagon, and perhaps serious injury to the passengers on the car, the defendant in error was, if the finding of the jury -was right, thrown from the car and injured. If the gripman had not tried to avoid the collision and the defendant in error had been injured while sitting in the car, the plaintiff in error would have been liable. Now it is claimed that because he did endeavor to avert the collision, he did it too vigorously and that the plaintiff in error should pay for a result which was unusual and which could not have been anticipated. It is true that the plaintiff in error was required to exercise toward the defendant in error, as a passenger, the highest practicable degree of care, or, to state it in another way, the highest degree of care possible under the circumstances ; but we are sure that the gripman did no more than he ought to have done, and we are not able to conceive what else he could have done under the circumstances. The jury was not authorized to infer negligence from the proven facts. The judgment of the lower court presents the anomaly of requiring of one the strict performance of an act as a legal duty, yet requiring it at his peril. One cannot do right and do wrong at the same time. ■ The injury to the defendant in error, as she puts it before the court, was a pure *49 accident, without the elements of negligence or culpability. It is damnum absque injuria.
[The name of Judge Minshall is found with the concurrences of the above case owing to the fact that it was decided previous to his retirement from the bench February 9th. — Reporter.]
It follows from what has been said that the trial judge committed an error when he refused the request of the plaintiff in error, that he should instruct the jury that, under the testimony in this case, it was their duty to return a verdict for the defendant.
The judgments of the circuit court and of the court of common pleas are

Reversed and judgment is rendered for plaintiff in error.

Minshall, C. J., Burket, Spear and Shauck, JJ., concur.